## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| COREY E. FISHERMAN<br><br>Plaintiff,<br><br>v.<br><br>LON AUGDAHL and<br>JOAN ULWELLING,<br><br>Defendants. | Civil No. 15-3180 (JRT/BRT)<br><br>**MEMORANDUM OPINION<br>AND ORDER<br>ADOPTING REPORT AND<br>RECOMMENDATION** |

Corey E. Fisherman, 213394, address unknown, *pro se* plaintiff.[1]

Anthony J. Novak and Mark A. Solheim, **LARSON KING, LLP**, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101, for defendants.

Plaintiff Corey E. Fisherman brings this action under 42 U.S.C. § 1983, alleging that defendants Lon Augdahl, M.D., and Joan Ulwelling, R.N., violated Fisherman's Eighth Amendment right to be free from cruel and unusual punishment by wrongfully interfering with Fisherman's ability to take Wellbutrin while in prison at Minnesota Correctional Facility in Stillwater. On September 30, 2016, United States Magistrate Judge Janie S. Mayeron issued a Report and Recommendation ("R&R") recommending that the Court grant the Defendants' motion for summary judgment and that the Court

---

[1] According to the Minnesota Department of Corrections Offender Locator website, Fisherman was put under "intensive supervised release," as of October 24, 2016, and is "currently with MnDOC ISR-North District, and in custody at a non-DOC facility." *See* http://www.doc.state.mn.us/pages/index.php/facilities/adult-facilities/stillwater/ (last visited Jan. 10, 2017). The Court was unable to determine Fisherman's current address, but presumes that Fisherman has standing for his action.

dismiss Fisherman's claims with prejudice.  On October 13, 2016, Fisherman filed timely objections to the R&R.  Because Defendants did not violate the Eighth Amendment when, in the exercise of their professional judgment, they refused to implement Fisherman's requested course of treatment, the Court will adopt the Magistrate Judge's R&R, grant the Defendants' motion for summary judgment, and dismiss Fisherman's claims with prejudice.

## BACKGROUND

The factual and procedural background underlying this matter has been set forth in detail by the Magistrate Judge.  (*See* R&R at 1-8, Sept. 30, 2016, Docket No. 39.)  The Court, therefore, adopts the background set forth by the Magistrate Judge and provides only a brief summary of the facts that are relevant to the Court's determination.

Fisherman took Wellbutrin – a prescription medication – for his depression before he entered the Minnesota Department of Corrections ("MDOC") on November 7, 2014. (Aff. of Lon Augdahl, M.D. ("Augdahl Aff.") ¶ 2, May 27, 2016, Docket No. 26.) Because MDOC classifies Wellbutrin is a highly abused and non-formulary medication, a physician will instead prescribe a formulary medication to a new prisoner unless certain exceptions apply.  (*Id.* ¶ 6.)

On December 3, 2014, Fisherman saw Dr. Augdahl for a psychiatric assessment. (*Id.* ¶ 3.)  During the assessment, Fisherman became angry that his Wellbutrin may not be continued and threatened Dr. Augdahl with legal action.  (*Id.*)  Dr. Augdahl nevertheless wrote Fisherman a tapering schedule for Wellbutrin, to end on December 20, 2014.  (*Id.*

¶ 5.)  In late January, 2015, Dr. Augdahl saw Fisherman for a follow-up visit and prescribed Effexor XR (extended release) medication, a formulary option, as an alternative to Wellbutrin.  (*Id.* ¶ 8.)

On March 12, 2015, Ulwelling examined Fisherman, reviewed the non-formulary policy with him, and – pursuant to Fisherman's request – she recommended a Wellbutrin prescription for Fisherman.  (Aff. of Anthony J. Novak, Ex. 1, May 27, 2016, Docket No. 27.)  Dr. Augdahl promptly responded to Ulwelling's request on March 16, 2015, and asked if Fisherman had first tried an SSRI[2].  (Augdahl Aff. ¶ 11.)  Fisherman elected to continue with Effexor XR instead of trying an SSRI.  (*Id.* ¶ 13.)  Since July, 2015, Fisherman has received a 150 mg daily dose of Effexor XR and has met with a psychologist who has described Fisherman's condition as "stable."  (*Id.* ¶¶ 13-14.)

In the instant action, Fisherman alleged that Dr. Augdahl wrongfully "cut off" his prescription for Wellbutrin "for no reason," and that it was cruel and unusual for a doctor to do this because he was taking the medicine to treat his depression, and because he is a Native American from the Red Lake Band of Ojibwe.  (Am. Compl. at 4-5, Jan. 28, 2016, Docket No. 17.)  Fisherman also asserted that Ulwelling had prescribed him Wellbutrin on March 12, 2015, but Dr. Augdahl wrongfully denied the prescription and his necessary mental health care.  (*Id.*)  Defendants moved for summary judgment, arguing that Fisherman's Eighth Amendment claim failed as a matter of law because he could not

---

[2] SSRI stands for "selective serotonin re-uptake inhibitor," which is a class of drugs typically used to treat depression and anxiety.  (Augdahl Aff. ¶ 12.)  Common medical practice is that the most common SSRI class be tried before prescribing other classes of medications like Wellbutrin.  (*Id.*)

prove that they acted with deliberate indifference to his existing serious medical needs or to conditions positing a substantial risk of serious future harm.

In recommending that the Court grant the Defendants' motion for summary judgment, the Magistrate Judge noted that "[t]he Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs." (R&R at 9 (quoting *Laganiere v. Cty. Of Olmsted*, 772 F.3d 1114, 1116 (8th Cir. 2014).)  Deliberate indifference, the Magistrate Judge explained, has both an objective and a subjective component. (*Id.* at 10 (citing *Vaugh v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009).)[3]

Although the Magistrate Judge found that there was a fact issue as to whether Fisherman suffered from an objectively serious medical need due to his depression, the Magistrate Judge noted that for the subjective component, there was no evidence in the record that Defendants deliberately disregarded Fisherman's serious medical needs. (*Id.* at 12.)  To the contrary, the Magistrate Judge found the record established that Fisherman's numerous mental health screenings during his incarceration revealed few psychological symptoms. (*Id.*)  The Magistrate Judge found that Fisherman essentially disagreed with "the course of treatment chosen by his mental health care providers – *i.e.* he was prescribed Effexor XR, rather than his drug of choice, Wellbutrin – which is

---

[3] "An objectively serious medical need is one that has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." (*Id.* (quoting *Laganiere*, 772 F.3d at 1116).)  "The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need." (*Id.* (quoting *Vaughn*, 557 F.3d at 908).)

insufficient as a matter of law to state an Eighth Amendment claim of deliberate indifference." (*Id.* at 12-13 (collecting cases).)

Fisherman timely objected to the R&R and asserted Dr. Aughdal and Ulwelling violated Fisherman's Eighth Amendment right to be free from cruel and unusual punishment by wrongfully interfering with Fisherman's ability to take Wellbutrin while in prison.

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews *de novo* any portion of an R&R that has been "properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  Because Defendants' motion for summary judgment is a dispositive motion, the Court reviews the R&R *de novo* in light of Fisherman's objections.

## II.   FISHERMAN'S OBJECTIONS

Fisherman asserted that the decision to discontinue Wellbutrin abridged his rights and that the medical reports were inaccurately authored to make the medical providers "look good." (Objs. to R&R, Attach. 1 at 1-2, Oct. 13, 2016, Docket No. 40.)  Fisherman also emphasized that he was treated wrongly as a Native American.  (*Id.* at 2.)

However, merely disagreeing with a course of treatment is insufficient as a matter of law to establish deliberate indifference for an Eighth Amendment claim.  *Lair v. Oglesby*, 859 F.2d 605, 606 (8th Cir. 1988); *Beck v. Skon*, 253 F.3d 330, 334 (8th Cir. 2001).  "Prisoners do not have a constitutional right to any particular type of treatment." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (citing *White v. Farrier*, 849 F.2d 322, 327 (8th Cir. 1988)).  Furthermore, the record demonstrates that Defendants responded to Fisherman's concerns and provided him with appropriate and consistent treatment for depression, while also being mindful of Wellbutrin's effects in a prison setting.  As the Magistrate Judge noted, Dr. Augdahl prescribed Fisherman Effexor XR based on reports of past beneficial use, he "reported that it was somewhat effective at treating his symptoms," and his psychologist described his mental status as "stable."  (R&R at 12.) The Court thus concludes that Fisherman's challenge to the course of treatment he received in prison fails because no evidence establishes that Defendants acted with deliberate indifference.

- 7 -

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Fisherman's objections [Docket No. 40] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated [Docket No. 39]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment [Docket No. 24] is **GRANTED**.

2. Plaintiff's claims are **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: February 3, 2017　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court